# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RAMOS, | CASE NO. 1:07-cv-00738-OWW-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS FOLLOWING SCREENING OF FIRST AMENDED COMPLAINT |
| v. | |
| MTA KATELEY, et al., | (Doc. 20) |
| Defendants. | OBJECTION DUE WITHIN TWENTY DAYS |

**Findings and Recommendations Following Screening of First Amended Complaint**

**I.      Procedural History**

Plaintiff Anthony Ramos ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 21, 2007. On August 26, 2008, the undersigned dismissed Plaintiff's complaint, with leave to amend. (Doc. 14.) Now pending before the Court is Plaintiff's first amended complaint, filed September 29, 2008. (Doc. 15.)

**II.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### III. Summary of Plaintiff's First Amended Complaint

Plaintiff is currently housed at High Desert State Prison in Susanville, California. It is unclear from reading Plaintiff's first amended complaint where the events at issue in this action occurred. Plaintiff names M.T.A. Kateley and Correctional Officer Childress as defendants. Plaintiff alleges that defendant Childress falsified an administrative medical appeal and that defendant Kateley failed to assure that Plaintiff was not denied medical treatment. Plaintiff alleges that he was denied medical treatment and that he suffered pain and discomfort as a result. Plaintiff alleges a violation of his Due Process rights and also the Eighth Amendment.

#### A. Eighth Amendment Medical Care Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

2

(9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"[T]he existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, . . . the presence of a medical condition that significantly affects an individual's daily activities, and . . . the existence of chronic or substantial pain" are indications of a serious medical need. Doty v. County of Lassen, 37 F.3d 540, 546 n.3 (9th Cir. 1994) (citing McGuckin, 974 F.2d at 1059-1060); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).

Plaintiff fails to state a cognizable Eighth Amendment claim. First, Plaintiff has not alleged a serious medical need. Doty, 37 F.3d 540 at 546 n.3. Plaintiff alleges that he suffered extreme physical pain and discomfort from the denial of medical care; however, Plaintiff does not state that he suffered from any injury or medical condition indicative of a serious medical need. Second, Plaintiff's allegation that defendant KATELEY failed to assure that Plaintiff was not denied medical treatment, and that defendant Childress falsified an administrative medical appeal, without more, does not sufficiently allege that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837.

### B. Due Process Claim

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself

or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

As was previously explained to Plaintiff, to state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495. Because Defendant Childress' alleged falsification of an administrative appeal does not violate any federally protected rights, Plaintiff's complaint fails to state a viable claim for relief against either Defendant for violation of the Due Process Clause.

**IV. Conclusion and Recommendation**

The Court finds that Plaintiff's first amended complaint does not state any cognizable claims under section 1983 against the defendants Kateley and Childress. With respect to Plaintiff's Fourteenth Amendment Due Process claim, the Court recommends that this claim be dismissed against both defendants with prejudice for Plaintiff's failure to state a claim upon which relief may be granted. Plaintiff has amended once already pursuant to the order of this Court, but has not cured the deficiencies previously identified by the Court. Accordingly, the Court recommends that further

4

leave to amend Plaintiff's Due Process claim not be granted. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Although Plaintiff still has been unable to state a cognizable Eighth Amendment claim, the Court recommends that Plaintiff be granted one <u>final</u> opportunity to amend this claim.

For the reasons set forth herein, the Court HEREBY RECOMMENDS that:

1. Plaintiff's Fourteenth Amendment Due Process claim against defendants Kateley and Childress be dismissed, with prejudice, for plaintiff's failure to state a claim upon which relief may be granted;

2. Plaintiff's first amended complaint be dismissed for failure to state a claim, with leave to amend only his Eighth Amendment claims against defendants Kateley and Childress; and

3. Plaintiff's second amended complaint be due within thirty (30) days of the Court's order addressing these Findings and Recommendations.[1]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: March 9, 2009**          **/s/ Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is advised that until and unless these Findings and Recommendations are adopted by the District Judge, Plaintiff has not yet been granted leave to file a second amended complaint.

5